IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRED LOLLIS and ROSEMARY LOLLIS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 15-CV-351-JHP-PJC |
| EDWARD LAKE, Director of DHS, et al., | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are the plaintiffs' Complaint [Doc. No. 1] and Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit [Doc. No. 2]. Plaintiffs Fred and Rosemary Lollis ("Plaintiffs"), proceeding *pro se*, have filed numerous lawsuits in this Court apparently related to allegations their children were improperly taken into custody by Child Protective Services ("CPS"). In this action, Plaintiffs have sued several defendants including, "Edward Lake, Director of DHS, Sharon Wells, CWSII of DHS, Mayor Dewey Bartlett Jr., City of Tulsa, and Governor Mary Fallen, State of Oklahoma." ("the defendants"). [Doc. No. 1 at 1]. Plaintiffs have not alleged specific causes of action or provided detailed allegations with regard to these defendants. Plaintiffs' factual allegations are as follows:

> Kids are facing separation issues, no warrant or court order to come on property to remove kids.....Visits of children till June, have only seen them once and visits have stopped, no shelter care hearing 72 hours... After pickup of children, Shannon let our 4 year old play in between 2 cars in the motel parking lot with no shoes - she wasn't watching... Shannon picked up 2 oldest at school with no order. Picked up 2 younger ones April 28 with no order.

[*Id.* at 1-2].

Plaintiffs seek to commence this action without prepayment of fees pursuant to 28 U.S.C. § 1915(a)(1), which provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees." Despite use of the word "prisoner," this statute applies to all persons applying for *in forma pauperis* status. *Brown v. Eppler*, 725 F.3d 1221, 1229 n.6 (10th Cir. 2013).

This statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To prevent such frivolous litigation, the statute authorizes federal courts to dismiss a case *sua sponte* that is filed *in forma pauperis* if: (1) the allegation of poverty is false, (2) the action is frivolous or malicious, (3) the action fails to state a claim upon which relief may be granted, or (4) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000). Dismissals based on § 1915(e)(2) are often made *sua sponte* prior to the issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324.[1]

While *pro se* pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972),

---

[1] The Court in *Neitzke* addressed the precursor to 28 U.S.C. § 1915(e)(2), which was 28 U.S.C. § 1915(d). However, the Tenth Circuit has cited *Neitzke* as setting forth the policy considerations underlying § 1915(e)(2). *See Trujillo v. Williams*, 465 F.3d 1210, 1216 & n.6 (10th Cir. 2006).

a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, even *pro se* plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Plaintiffs assert that this Court has jurisdiction over this matter pursuant to 42 U.S.C. § 1983. 42 U.S.C. § 1983 does not provide an independent basis for subject-matter jurisdiction. However, Plaintiffs could be alleging a claim for violation of their federal constitutional rights, which could support the exercise of federal question jurisdiction under 28 U.S.C. § 1331. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's complaint. *See Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir. 2001). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Collins v. Cnty. of Johnson, Kan.*, 2001 WL 950259, at *1 (D. Kan. July 12, 2011) (quoting *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

Plaintiffs allege their civil and constitutional rights were violated and appear to cite Section 1983 as the basis for the relief they seek. Although Section 1983 provides a cause of action against state actors for violation of constitutional rights, *Becker v. Kroll*, 494 F.3d 904, 913 (10th Cir. 2007), Plaintiffs' allegations do not support a finding that defendants violated Plaintiffs' constitutional rights. Under a broad construction, Plaintiffs appear to allege that defendants failed to ensure that CPS had adequate evidence to support removal of the children from Plaintiffs' care and failed to ensure the children were safe. [Doc. No. 1 at 1-2]. In the context of claims arising out of a social worker's alleged failure to properly supervise or a protect a child, it is clearly established constitutional law under the Due Process Clause that foster children are "to be kept reasonably safe from harm," but "state officials will only to be found to have violated this right if they 'knew of the asserted danger to [foster children] or failed to exercise professional judgment with respect thereto, . . . and if an affirmative link to the injuries [the children] suffered can be shown.'" *J.W. v. Utah*, 647 F.3d 1006, 1011 (10th Cir. 2011) (quoting *Yvonne L. v. N.M. Dep't of Human Servs.*, 959 F.2d 883, 892-93 (10th Cir. 1992)). Here, Plaintiffs' vague and conclusory allegations do not satisfy this standard and thus do not state any colorable claim under Section 1983. At best, the allegations may support some assertion of negligence, which would not support a finding that defendants violated Plaintiffs' constitutional rights, either personally or in a supervisory role.[2] *See J.W.*, 647 F.3d at 1011-12.

Other judges of this Court have dismissed related cases upon determining that similar allegations did not state colorable federal claims. *See Lollis v. Kunzweiler et al.*, No. 15-CV-245-CVE-PJC [Doc. No. 3]; *Lollis v. CPS/DPS et al.*, No. 15-CV-247-JED-FHM [Doc. No. 3];

---

[2] To the extent that Plaintiffs are asserting some claim arising under state law, the Court declines to exercise supplemental jurisdiction over any state law claims Plaintiffs may have. *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.") (quoting *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998)).

*Lollis v. City of Bixby*, No. 15-CV-249-JED-FHM [Doc. No. 3]; *Lollis v. Wells*, No. 15-CV-251-JED-PJC [Doc. No. 3]; *Lollis v. Tulsa Police Dept.*, No. 15-CV-279-CVE-TLW [Doc. No. 3]; *Lollis v. Judge Doris Fransein et al.*, No. 15-CV-280-TCK-PJC [Doc. No. 3]; and *Lollis v. Torres et al.*, No. 15-CV-290-JED-PJC [Doc. No. 3]. And this Court has recently dismissed a related case, *Lollis v. Johnson*, No. 15-CV-254-JHP-FHM [Doc. No. 3]. Likewise, construing the Complaint in this case liberally in light of Plaintiffs' *pro se* status, the allegations do not state a colorable federal claim against the defendants. As a result, the Court lacks subject matter jurisdiction over this case. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006) (stating that federal courts cannot exercise federal question jurisdiction over a case without the existence of a colorable claim arising under federal law). The case should be dismissed under § 1915(e)(2) for failure to state any federal claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that Plaintiffs' claims are dismissed for lack of subject matter jurisdiction. Plaintiffs' Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit [Doc. 2] is denied as moot.

**SO ORDERED this 2nd day of September, 2015.**

_____
James H. Payne
United States District Judge
Northern District of Oklahoma